UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY and ROAD HOME,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT<br><br>Case No. 2:22-cv-00433<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Jerry Ernest Lopez, proceeding *in forma pauperis*, filed this action against Salt Lake County and Road Home, a homeless shelter.[1] For the reasons explained below, the court ORDERS Mr. Lopez to file an amended complaint by **December 21, 2022**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a

---

[1] (*See* Compl., Doc. No. 5.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

1

complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5] But the court need not accept the plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Mr. Lopez proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[11] the court "will not supply

---

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[11] *Hall*, 935 F.2d at 1110.

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

In his complaint, Mr. Lopez alleges Road Home "staff and security" stole his backpack and medication.[13] He claims they also allowed "women not employed by Men's Resource Center" to enter the facility, harass him at night, and distribute narcotics to the residents.[14] Mr. Lopez also alleges "discrimination and harassment by [the] director," without providing details.[15] He claims defendant Salt Lake County provides funding for Road Home but makes no other allegations regarding the county.[16] Mr. Lopez requests damages of $800 (the cost of his medication) and "reform of staff" at the Men's Resource Center.[17] He checked a box on the pro se complaint form indicating he is bringing the case under 42 U.S.C. § 1983.[18]

Mr. Lopez's complaint fails to state any cognizable claim against Road Home or Salt Lake County. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege (1) deprivation

---

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Compl., Doc. No. 5 at 3–4.)

[14] (*Id.*)

[15] (*Id.*)

[16] (*Id.* at 2.)

[17] (*Id.* at 6.)

[18] (*Id.* at 1.)

of a federal right by (2) a person acting under color of state law."[19] As to Road Home, Mr. Lopez fails to plausibly allege Road Home is a state actor for purposes of section 1983. The allegation that Road Home receives funding from a county is insufficient to show Road Home is a state actor.[20] And Mr. Lopez has not alleged facts sufficient to show Road Home was "jointly engaged with state officials in the conduct allegedly violating the federal right," as required to state a section 1983 claim against private parties.[21] As to Salt Lake County, Mr. Lopez does not allege any deprivation of a federal right by the county—his only allegation is that the county funds Road Home. Accordingly, Mr. Lopez fails to state a cognizable claim against either defendant under section 1983. Further, Mr. Lopez's allegations do not appear to comport with any other recognized cause of action.

Because Mr. Lopez's complaint fails to state a plausible claim for relief, it is subject to dismissal.[22] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[23] Accordingly, Mr. Lopez will be given an opportunity to amend his complaint.

---

[19] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[20] *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931 (2019) ("[T]he fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor—unless the private entity is performing a traditional, exclusive public function. The same principle applies if the government funds or subsidizes a private entity." (citations omitted)).

[21] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

[22] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[23] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

## CONCLUSION

The court ORDERS as follows:

1. Mr. Lopez is ordered to file an amended complaint by **December 21, 2022**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's June 29, 2022 order[24] remains in place.

4. Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 30th day of November, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[24] (Doc. No. 4.)