UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY and ROAD HOME,<br><br>Defendants. | REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915<br><br>Case No. 2:22-cv-00433<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Jerry Ernest Lopez, proceeding *in forma pauperis*, filed this action against Salt Lake County and Road Home, a homeless shelter.[1] After screening Mr. Lopez's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Mr. Lopez to file an amended complaint.[2] The court noted failure to file an amended complaint could result in a recommendation to dismiss this action.[3] Mr. Lopez did not file an amended complaint by the deadline in the court's order or anytime thereafter.

Because Mr. Lopez's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned[4] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 12.)

[3] (*Id.* at 5.)

[4] On July 28, 2022, this case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7.)

1

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the court need not accept the plaintiff's conclusory allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each claim."[10]

Because Mr. Lopez proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Hall*, 935 F.2d at 1110.

"follow the same rules of procedure that govern other litigants."[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## ANALYSIS

In his complaint, Mr. Lopez alleges Road Home "staff and security" stole his backpack and medication.[16] He claims they also allowed "women not employed by Men's Resource Center" to enter the facility, harass him at night, and distribute narcotics to the residents.[17] Mr. Lopez also alleges "discrimination and harassment by [the] director," without providing details.[18] He claims defendant Salt Lake County provides funding for Road Home but makes no

---

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[16] (Compl., Doc. No. 5 at 3–4.)

[17] (*Id.*)

[18] (*Id.*)

other allegations regarding the county.[19]  Mr. Lopez requests damages of $800 (the cost of his medication) and "reform of staff" at the Men's Resource Center.[20]  He checked a box on the pro se complaint form indicating he is bringing the case under 42 U.S.C. § 1983.[21]

Mr. Lopez's complaint fails to state any cognizable claim against Road Home or Salt Lake County.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[22]  As to Road Home, Mr. Lopez fails to plausibly allege Road Home is a state actor for purposes of section 1983.  The allegation that Road Home receives funding from a county is insufficient to show Road Home is a state actor.[23]  And Mr. Lopez has not alleged facts sufficient to show Road Home was "jointly engaged with state officials in the conduct allegedly violating the federal right," as required to state a section 1983 claim against private parties.[24]  As to Salt Lake County, Mr. Lopez does not allege any deprivation of a federal right by the county—his only allegation is that the county funds Road Home.  Accordingly, Mr. Lopez fails to state a cognizable claim against either

---

[19] (*Id.* at 2.)

[20] (*Id.* at 6.)

[21] (*Id.* at 1.)

[22] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[23] *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931 (2019) ("[T]he fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor—unless the private entity is performing a traditional, exclusive public function.  The same principle applies if the government funds or subsidizes a private entity." (citations omitted)).

[24] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

defendant under section 1983.  Further, Mr. Lopez's allegations do not appear to comport with any other recognized cause of action.

Because Mr. Lopez's complaint fails to state a plausible claim for relief, it is subject to dismissal.[25]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[26]  The court previously identified the deficiencies set forth above and ordered Mr. Lopez to amend his complaint to correct them,[27] but he failed to do so.  Therefore, further opportunities to amend would be futile, and dismissal is appropriate.

## RECOMMENDATION

Where Mr. Lopez's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court will send this Report and Recommendation to Mr. Lopez, who is notified of his right to object to it.  Any objection must

---

[25] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[26] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[27] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 12.)

be filed within fourteen days of service.[28]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of March, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[28] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).